10-3693-ag
Pekoenegoro v. Holder

BIA
Rohan, IJ
A097 839 070
A097 839 071

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 5th day of October, two thousand eleven.

PRESENT:
        JOSEPH M. MCLAUGHLIN,
        GUIDO CALABRESI,
        RICHARD C. WESLEY,
                *Circuit Judges.*

_____

FRANGKY PEKOENEGORO, MARIA SINTYA DEWI,
        *Petitioners,*

        v.                                      10-3693-ag
                                                NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONERS:       Linda Kenepaske, New York, New York.

FOR RESPONDENT:        Tony West, Assistant Attorney
                       General; Anthony W. Norwood, Senior
                       Litigation Counsel; Micheline
                       Hershey, Attorney, United States
                       Department of Justice, Office of
                       Immigration Litigation, Washington,
                       D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Frangky Pekoenegoro and Maria Sintya Dewi, natives and citizens of Indonesia, seek review of an August 17, 2010, order of the BIA affirming the December 15, 2008, decision of Immigration Judge ("IJ") Patricia A. Rohan, which denied their applications for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Frangky Pekoenegoro and Maria Sintya Dewi*, Nos. A097 839 070/071 (B.I.A. Aug. 17, 2010), *aff'g* Nos. A097 839 070/071 (Immig. Ct. N.Y. City Dec. 15, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as supplemented by the BIA's decision. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

The only issues before us are Petitioners' eligibility for withholding of removal and CAT relief. The agency reasonably determined that Pekoenegoro and Dewi failed to demonstrate past persecution or a well-founded fear of future persecution. As the agency found, the harm

2

Pekoenegoro and Dewi described — including taunts and other verbal abuse, isolated physical harm, including Pekoenegoro's 1999 assault, two instances of sexual harassment of Dewi, and Dewi's detention by government officers when she tried to obtain a passport — was insufficient, considered either individually or in the aggregate, to constitute persecution, as neither Pekoenegoro nor Dewi was subjected to serious physical or mental harm. *See Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 341–42 (2d Cir. 2006) (in order for harm to constitute persecution, it must be sufficiently severe, rising above "mere harassment"); *Matter of Acosta*, 19 I. & N. Dec. 211, 222 (BIA 1985), *overruled, in part, on other grounds*, *INS v. Cardoza-Fonseca*, 480 U.S. 421 (1987). Moreover, with the exception of Dewi's brief detention, Petitioners were consistently harmed by other Indonesians, and not by, or with the consent of, the Indonesian government. *See Acosta*, 19 I. & N. Dec. at 222.

Because Pekoenegoro and Dewi did not establish past persecution, they are not entitled to a presumption of future persecution. *See* 8 C.F.R. § 208.16(b)(1). Although Petitioners argue, independent from their claim of past persecution, a pattern or practice of persecution of ethnic Chinese Christians, *see* 8 C.F.R. § 208.16(b)(2) (providing

3

that an applicant for asylum shall not be required to show that he will be singled out individually for persecution if he establishes that there is a pattern or practice of persecution of a group of similarly situated persons); *Mufied v. Mukasey*, 508 F.3d 88, 91 (2d Cir. 2007), substantial evidence supports the BIA's determination that Pekoenegoro and Dewi did not establish a pattern or practice in Indonesia, *see Santoso v. Holder*, 580 F.3d 110 (2d Cir. 2009).

Because Pekoenegoro and Dewi did not establish past persecution, a likelihood of future persecution, or a pattern or practice of persecution, the agency did not err in denying their application for withholding of removal. *See* 8 C.F.R. § 208.16(b)(1), (2). Moreover, because Petitioners' CAT claim was based on the same factual predicate, they similarly failed to meet their burden for that form of relief. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522–23 (2d Cir. 2005).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with

4

Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe, Clerk